**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Keila Robles-Figueroa<br>*on behalf of her minor daughter*<br>*Kamila*<br><br>          Plaintiff,<br><br><br>                    v.<br><br>Presbyterian Community Hospital,<br>Inc., et al.,<br><br>          Defendants | **Civil. No. 22-cv-01361(GMM)** |

<u>**OPINION AND ORDER**</u>

On July 29, 2022, a minor, Kamila, who is represented by her mother Keila Robles Figueroa ("Plaintiff" or "Mrs. Robles"), filed a Complaint against Dr. Juan C. Castañer, Presbyterian Community Hospital, Inc. ("the Hospital") and to Hospital Pediátrico Universitario alleging claims of medical malpractice under Puerto Rico state law. (Docket No. 1). Pending before the Court is the *Motion In Limine To Exclude Rebuttal Expert & Report* ("*Motion in Limine*") (Docket No. 87). For the reasons stated below, the *Motion in Limine* is **GRANTED.**

### I.   Relevant Factual and Procedural History

This is a medical malpractice case in which Plaintiff alleges that Dr. Juan C. Castañer ("Dr. Castañer"), the Hospital and the Hospital Pediátrico Universitario (collectively "Defendants") deviated from the standards of care. The allegations of negligence are centered on the medical care provided to Mrs. Robles and her

Civil No. 22-1361 (GMM)
Page -2-

baby during her pregnancy, delivery, and the neonatal care of her premature infant.

On October 3, 2022, the Court issued a *Case Management Order*. It set discovery to conclude on May 3, 2023. (Docket No. 22). On March 31, 2023, the parties filed a *Joint Motion for Leave to Extend Discovery Deadline and to File a Discovery Plan*. The Court granted the request. (Docket Nos. 35, 37). It extended discovery until July 31, 2023, and adopted the following stipulation made by the parties:

> Defendants informed plaintiff of their intention to have an independent medical examiner perform an evaluation of plaintiff. **The parties have agreed that defendants will attempt to identify the independent medical examiner by April 30, 2023 and to conduct the plaintiff's evaluation during the month of May 2023.** After conducting the evaluation, the independent medical examiner will have thirty (30) days to render the written report. **Plaintiff reserves the right to retain another expert witness to address the independent medical examiner's report.**

(Docket No. 35 at 2-3 at ¶ 6) (emphasis added).

On September 5, 2023, the Court set Jury Trial for September 23, 2024. (Docket No. 61). On August 22, 2024, the Parties filed their *Joint Proposed Pretrial Order*. (Docket No. 62). On the same date they filed an *Amended Joint Proposed Pretrial Order*. (Docket No. 64). On August 22, 2024, Dr. Castañer filed a *Motion for Continuance* seeking to move the trial dates. (Docket No. 69). After the matter was briefed, the Court granted the *Motion for*

*Continuance* and sanctioned Dr. Castañer and his counsel with the payment of reasonable fees and costs incurred. (Docket No. 75).

On August 30, 2024, the Hospital filed a series of motions *in limine*, including the one before the Court now. On September 3, 2024, the Jury Trial was reset to commence on February 3, 2025. (Docket No. 96). On September 10, 2024, Dr. Castañer filed a *Motion for Joinder* as to the motions *in limine* filed by the Hospital at Docket Nos. 86, 87 and 88, which was granted. (Docket Nos. 102, 107). On October 7, 2024, Plaintiff filed *Plaintiff's Opposition to Codefendant's Motion In Limine At Docket No. 87* (Docket No. 126).

On November 18, 2024, the Hospital filed the *Reply to Plaintiff's Opposition to the Hospital's Motion In Limine at Docket No. 87*. (Docket No. 140). On November 25, 2024, Dr. Castañer filed a *Motion for Joinder* as to motions filed by the Hospital at Docket Nos. 139, 140, 141, 142 and 143. (Docket No. 149). On December 5, 2024, Plaintiff filed *Plaintiff's Sur-Reply to Codefendant's Reply at Docket No. 140* (Docket No. 152).

## II. APPLICABLE LAW AND DISCUSSION

The Hospital and Dr. Castañer seek to exclude the testimony of Dr. Robert Lerer ("Dr. Lerer"). They argue that its disclosure is untimely. (Docket No. 87). According to Defendants, since the parties did not state in their stipulated discovery plan the deadline for the disclosure of Plaintiff's rebuttal report, the

thirty (30) day term established in Rule 26(a)(2)(D)(ii) applies.
Furthermore, Defendants posit that although Plaintiff
characterized Dr. Lerer's report as a rebuttal report, "Dr. Lerer's
report contains opinions on matters not addressed by [their expert]
Dr. [Thomas] Resnick ("Dr. Resnick") in his medical examination
report, such as life expectancy and services that plaintiff needs
and will require in the future as a result of developmental
delays." (Id. at 9). Hence, they argue that Plaintiff also failed
to comply with Fed. R. Civ. P. 26(a)(2)(D), as she never announced
Dr. Lerer as an expert witness and he was not included in the
*Amended Joint Proposed Pretrial Order* at Docket No. 64.

In response, Plaintiff argues that the limits set in
subsections (a)(2)(D)(i) and (ii) of Rule 26 only apply "[a]bsent
a stipulation or a court order." (Docket No. 126 at 4). According
to Plaintiff, the parties' stipulation as to the rebuttal expert
did not restrain the notification of the report to a specific date,
much less to thirty days after they "identif[ied] the independent
medical examiner." (Id. at 5-6). At the same time, Plaintiff argues
that the thirty-day term only applies to reports regarding
"evidence [which] is intended solely to contradict or rebut
evidence on the same subject matter identified by another party"
and she concedes that although Dr. Lerer's report is designated as
a rebuttal report, it contains additional opinions. (Id. at 6). To
that extent, Plaintiff contends that the applicable term for notice

Civil No. 22-1361 (GMM)
Page -5-

of Dr. Lerer's report is the ninety (90) days established in Rule
26(D)(i). Hence, since Dr. Lerer submitted his report before the
90 days before trial as allowed under Rule 26 (D)(i), his report
was timely. Plaintiff further argues that the 487-day period
between Dr. Lerer's disclosure of his report and trial, provided
Defendants sufficient time for discovery. In any case, Plaintiff
alleges that pursuant to Rule 26 (a)(2)(B) she "is still well
within her rights to supplement her previously disclosed experts'
reports with 'additions or changes'" and that she had 30 days to
do so. (Id. at 7).

Pursuant to Rule 26(a)(2)(D) of the Federal Rules of Civil
Procedure, an expert witness and his or her report must be
disclosed "at the times and in the sequence that the court orders."
Fed. R. Civ. P. 26(a)(2)(D). Absent stipulation or a court order,
expert testimony "intended solely to contradict or rebut evidence
on the same subject matter identified by another party" must be
disclosed "within 30 days after the other party's disclosure."
Fed. R. Civ. P. 26(a)(2)(D)(ii). The case management order in this
case, as well as other scheduling orders are silent as to expert
rebuttal evidence. Therefore, if Dr. Lerer's report was to be
considered as a rebuttal report, the default 30-day rule in
subsection (ii) is applicable . *See* Lohnes v. Level 3
Communications, 272 F.3d 49, 59-60 (1st Cir. 2001); Casillas v.

Civil No. 22-1361 (GMM)
Page -6-

Triple S Vida, Inc., Civil No. 16-2564 (PAD), 2018 U.S. Dist. LEXIS 11723; 2018 WL 3414142 (D.P.R. July 11, 2018).

However, it is undisputed that Dr. Lerer's report is not entirely a rebuttal report and must be partly considered as an expert report because it contains new opinions not related to the subject matter of Dr. Resnick's expert report. The Court notes that the Hospital notified Dr. Resnick's medical examination report on **June 27, 2023**. Furthermore, the conclusion of discovery was on **July 31, 2023**. Dr. Lerer's "rebuttal report" was not notified until **October 6, 2023**.

As discussed, although the Court did not establish a deadline for disclosure of rebuttal experts and parties did not stipulate a deadline, Fed. R. Civ. P. 26(a)(2)(D)(ii) establishes a default term of thirty (30) days. Therefore, Plaintiff disclosed her "rebuttal report" over two (2) months after the term provided in Fed. R. Civ. P. 26(a)(2)(D)(ii) and over two (2) months after the conclusion of discovery. Notably, Plaintiff knew about the medical examination to be performed by Dr. Resnick since May 4, 2023. *See* (Docket No. 87-5, Exhibit E, e-mail dated May 4, 2023). Notwithstanding this information being available almost three months before the July 31, 2023 discovery deadline, Plaintiff did not undertake any efforts to have her own medical examination performed, nor did she seek leave of Court to belatedly designate Dr. Lerer as a rebuttal expert witness, nor as an expert witness.

Civil No. 22-1361 (GMM)
Page -7-

Despite this, Plaintiff asserts that her disclosure was timely since pursuant to Rule 26(a)(2)(D)(i) she had 90 days before the date set for trial to notify Dr. Lerer's report. This disposition, however, is inapposite since the parties had a stipulated discovery plan, which the Court adopted in its Order at Docket No. 37. The discovery plan did not include any additional expert witnesses for Plaintiff except for the rebuttal expert witness.  Yet, once again, Dr. Lerer cannot be fully considered as a rebuttal expert since his report includes new medical opinions. Additionally, Dr. Lerer has never been announced as an expert witness and was not included in the *Amended Joint Proposed Pretrial Order*. *See (*Docket No. 64). Moreover, when the Court extended the discovery deadline to July 31, 2023, it also extended the deadline for producing expert reports as to Defendants to July 31, 2023, because Plaintiff's experts had already produced their reports. Furthermore, when the trial was reset for February 3, 2025, on September 3, 2024, the Court did not further extend discovery or any of the deadlines regarding expert witnesses. *See* (Docket No. 96).

What is more, Plaintiff's reliance on Rule 26(a)(3)(B) to contend that she has 30 days prior to the trial date to supplement the disclosures of any subsequent additions or changes to the content of her experts' testimony and reports is incorrect. Under Rule 26, a party must "disclose to the other parties the identity

of any witness it may use at trial to present evidence" in the form of an expert opinion. Fed. R. Civ. P. 26(a)(2)(A). The disclosure of the expert witness's identity must be accompanied by a report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming" those opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

Hence, plaintiffs and defendants alike must identify their expert witnesses and produce their experts' reports by court-approved deadlines. Fed. R. Civ. P. 26(a)(2)(A)-(B). Where, as here, a district court has established a deadline for expert disclosures, a party must disclose the expert's identity and report by the court-ordered deadline. *See* Fed. R. Civ. P. 26(a)(2)(D). If a party's expert disclosure is untimely under Rule 26(a), the party may not use the expert or the expert's report "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* <u>Esposito v. Home Depot U.S.A., Inc.</u>, 590 F.3d 72, 77 (1st Cir. 2009).

Rule 26 also requires each party to supplement or correct its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(3)(1)(A). This extends to disclosure of expert witnesses. Fed. R. Civ. P. 26(e)(2). However, Rule

26(e)(2) does not excuse the original failure to make timely and complete disclosures. Rule 26(e) permits only timely corrections or updates to prior expert disclosures, not the introduction or addition of new rebuttal opinions after the Rule 26(a)(2)(D) deadline has passed. Again, Dr. Lerer's "rebuttal report" was notified on October 6, 2023, that is, <u>67 days, or over two months,</u> after the close of discovery and <u>71 days</u> after July 27, 2023, which was the deadline for the rebuttal report under Rule 26 (a)(2)(D)(ii).

"Rule 37(c)(1) 'allows the court to admit belatedly proffered expert evidence if the proponent's failure to reveal it was either substantially justified or harmless.'" <u>Poulis-Minott v. Smith</u>, 388 F.3d 354, 358 (1st Cir. 2004) (*quoting* <u>Lohnes v. Level 3 Commc'ns, Inc.</u>, 272 F.3d at 60).

The First Circuit has identified the following factors to consider in reviewing decisions on evidence preclusion under Rule 37(c)(1):

> Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

Civil No. 22-1361 (GMM)
Page -10-

Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009) (*citing* Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003); Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sara Lopez, M.D., 456 F.3d 272, 276-77 (1st Cir. 2006)).

As to the first factor, this case dates to 2022 and the record reflects various discovery disputes that have required the Court's intervention, including disposing of motions to compel filed by the Hospital. *See* (Docket Nos. 26, 27, 28, 38, 48, 49 and 50). Moreover, as recently as August 27, 2024, both the Court and the Hospital learned incidentally that Plaintiff intended to use Dr. Lerer as a rebuttal expert witness with the filing of the motion requesting, among others, the reimbursement of Dr. Lerer's fees for his appearance at trial. *See* (Docket No. 85 and 85-1).

Regarding the second factor, Plaintiff can certainly benefit from the expert testimony of Dr. Lerer regarding Kamila's medical condition. However, Plaintiff had the obligation to timely disclose the rebuttal report in strict compliance with Rule 26, within the discovery deadline that the Court set. Instead, Plaintiff notified the rebuttal report over two months after the discovery deadline had expired.

As to the third factor, Plaintiff provides no valid justification for the late disclosure and notification of Dr. Lerer's report. Plaintiff simply states that "it's just not that

Civil No. 22-1361 (GMM)
Page -11-

simple for a plaintiff in this jurisdiction to find the right expert and have him or her be available to immediately render a report all within days of receiving a competing report from a defendant." (Docket No. 126 at 6). However, Plaintiff never alerted the Court as to these alleged difficulties and never requested an extension of time to comply with the expert discovery deadline.

Regarding the fourth factor, Plaintiff's late disclosure, after the expiration of discovery, effectively deprived the Hospital of the opportunity to depose Dr. Lerer, impeach his credentials and prepare counterevidence. At this point, discovery has closed, and the trial is set to begin in less than a month. Therefore, Defendants' have no ability to overcome the late disclosure, and it certainly has adverse effects.

Lastly, the failure to comply with the deadline was neither substantially justified nor harmless. To permit Plaintiff to re-designate his late rebuttal expert witness and allow the witness to testify at trial would violate the Rules of Civil Procedure and their interpretative caselaw. Moreover, it would have an adverse effect on the Court's docket, as an over two-year old case that is already set to begin trial would have to be delayed to allow for an extension of discovery. Perhaps more importantly, the factors the Court must consider when precluding evidence under Rule 37(c)(1) weigh in favor of excluding Plaintiff's evidence. The failure to identify Dr. Lerer as an expert witness in the first

instance is unjustified. Furthermore, permitting the re-designation of Dr. Lerer is not harmless since Defendants would be prejudiced and undermines the Court's scheduling order as it pertains to expert disclosures. "Those deadlines must have some force if the Court is to manage its docket in a meaningful way. It is one thing to permit an accommodation to avoid a potential injustice, address a genuine surprise, or even correct an innocent mistake; it is quite another to permit a party to change a strategic choice." Crawford-Brunt v. Kruskall, 489 F.Supp.3d 4, 9 (D. Mass. 2020) (*citing* People v. Kinder Morgan Energy Partners, L.P., 159 F.Supp.3d 1182, 1191-93 (S.D. Cal. 2016) (excluding a plaintiff's improper rebuttal expert testimony in part because the plaintiff's original failure to disclose an expert on the contested issue represented a "strategic choice")); Thibeault v. Square D Co., 960 F.2d 239, 246-47 (1st Cir. 1992) ("Many courts—this court included—have recognized that the introduction of new expert testimony on the eve of trial can be seriously prejudicial to the opposing party."). The baseline for non-compliance with the provisions of Fed. R. Civ. P. 26 is mandatory preclusion unless the record shows substantial justification or harmlessness, which, again, has not been shown here. *See* Fed. R. Civ. P. 37(c).

Moreover, as reflected in the *Joint Proposed Pretrial Order*, Dr. Lerer is not Plaintiff's only expert witness. She will also use an obstetrician/gynecologist, Dr. Barry Schifrin, and a

pediatrician/neonatologist, Dr. Carolyn Crawford. Consequently, the exclusion of Dr. Lerer can hardly be considered as tantamount to dismissal since Plaintiff has other expert witnesses available to prove her case.

Plaintiff's belated disclosure of Dr. Lerer's report, whether it is considered a "rebuttal report" or and expert report is neither substantially justified nor harmless. Consequently, Dr. Lerer's report as well as his testimony are precluded from use at trial.

### III. CONCLUSION

For these reasons, the *Motion in Limine* is **GRANTED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, January 24, 2025.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE