UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEILA ROBLES-FIGUEROA, *on behalf of her minor daughter*, <br><br> Plaintiff, <br><br> v. <br><br> PRESBYTERIAN COMMUNITY HOSPITAL, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )     No. 3:22-cv-01361-JAW |

**ORDER ON MOTION IN LIMINE**

With trial scheduled for late January 2026, the court declines to issue an in limine ruling concerning the admissibility of potential expert rebuttal evidence because there is an insufficient factual context to allow for an in limine ruling.

**I.   BACKGROUND**

On July 29, 2022, Keila Robles-Figueroa, acting on behalf of her minor daughter, KRR[1], filed a lawsuit against Presbyterian Community Hospital, Inc. (PCH) and Dr. Juan C. Castañer-Barceló, alleging that they were negligent in their treatment of herself during her delivery of KKR on February 3, 2019 and of KKR after her delivery, and, as a consequence, KKR was born with and has suffered from numerous medical issues that would not have occurred if the treatment had been adequate. *Compl.* (ECF No. 1). Dr. Castañer and PCH have denied liability. *Answer*

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), the Court refers to the minor by her initials.

*to Compl.* (ECF No. 15); *Answer to Compl.* (ECF No. 16). The case is scheduled for trial commencing January 26, 2026. *Order* (ECF No. 193); *Min. Order* (ECF No. 210).

On October 3, 2025, the Plaintiff filed a motion in limine, seeking to preclude the Defendants' experts from offering at trial rebuttal opinions not previously disclosed. *Mot. for* In Limine *Relief* (ECF No. 219) (*Pl.'s Mot.*). PCH responded to the motion in limine on October 24, 2025. *Opp'n to Pl.'s Mot. for* In Limine *Relief* (ECF No. 224) (*PCH Opp'n*).

## II.    THE PARTIES' POSITIONS

### A.    Keila Robles-Figueroa's Motion in Limine

In her motion, Ms. Robles asks the Court to exclude at trial rebuttal opinions from the Defendants' experts that have not been previously disclosed in writing. *Pl.'s Mot.* at 1. Ms. Robles says that the "reasoning and legal support for this request are straightforward." *Id.* For support, she cites Federal Rules of Civil Procedure 26(a)(2)(B) and 26(a)(2)(D)(i)-(ii). *Id.* Ms. Robles also cites two district court cases to support her position: *Rodríguez v. Torres*, Civ. No. 11-1602 (MEL), 2015 U.S. Dist. LEXIS 31368, at *6 (D.P.R. Mar. 13, 2015) and *Pérez v. García*, Civ. No. 21-01622 (MAJ), 2024 U.S. Dist. LEXIS 35777, at *4-7 (D.P.R. Feb. 27, 2024). *Id.* at 2.

### B.    Presbyterian Community Hospital's Opposition

In its opposition, PCH observes that Ms. Robles's motion fails to provide any facts that would allow the Court to issue a ruling. Instead, Ms. Robles asks the Court, PCH contends, to grant a "blanket prohibition against anything Plaintiff might later characterize as falling outside the rebuttal reports – a standard that remains entirely

2

undefined." *PCH Opp'n* at 1-2. PCH decries that lack of a "concrete dispute for the Court to resolve." *Id.* at 2. After reviewing the applicable rules, PCH argues that Ms. Robles identifies no disclosure to which these rules apply. *Id.* at 2-3. PCH disputes Ms. Robles's characterization of *Pérez*, 2024 U.S. Dist. LEXIS 35777, arguing that case involved a discovery violation not present here. *Id.* at 4-5.

## III.   DISCUSSION

The Court agrees with PCH that Ms. Robles's motion does not present a sufficient factual situation to allow the Court to rule in limine on the admissibility of hypothetical expert testimony. Ms. Robles correctly cites the requirements for expert disclosure, including rebuttal evidence, under Federal Rule of Civil Procedure 26(a)(2)(B) and 26(a)(2)(D)(i)-(ii). *Pl.'s Mot.* at 1. But PCH represents that it has "fully complied with its disclosure obligations. It timely disclosed comprehensive expert reports, including rebuttal opinions." *PCH Opp'n* at 2. Ms. Robles has not provided the Court with the expert reports in question, has failed to point out where PCH has not complied with its discovery obligations, and is in effect requesting an advisory ruling.

The Court reviewed *Pérez v. Garcia* and concludes that it addresses a situation that may or may not apply here. 2024 U.S. Dist. LEXIS 35777. In *Pérez*, the plaintiff provided the defendants with a copy of his expert report, and the defendants submitted a report of their own expert, but the defense expert failed to mention the plaintiff's expert's report either in his original report or supplementary opinions. *Id.* at *3-4. The magistrate judge declined to allow the defense expert to testify "beyond

3

the bounds of his expert report." *Id.* at *5. Here, the Court cannot tell, based on the absence of evidence before it, whether PCH's expert failed to address issues in Ms. Robles's expert's report.

Similarly, in *Rodríguez v. Torres*, the magistrate judge carefully reviewed the expert reports and concluded that the expert in that case failed to include in his expert report his opinion about an alleged design defect. 2015 U.S. Dist. LEXIS 31368, at *21-22. The magistrate judge dismissed the design defect claim as unsupported by expert testimony. *Id.* at *22. Here, there are no expert reports for the Court to review.

### IV.   CONCLUSION

The Court DISMISSES without prejudice Plaintiff Keila Robles-Figueroa's Motion for *In Limine* Relief (ECF No. 219).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2025